# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOEL D. JOSEPH, | : |
| Plaintiff, | : |
| v. | : Civil Act. No. 16-1325-RGA |
| BUFFALO NEWS, INC., | : |
| Defendant. | : |

## MEMORANDUM

Plaintiff Joel D. Joseph, a resident of Los Angeles, California, filed this copyright infringement action pursuant to 17 U.S.C. § 101, *et seq.* (D.I. 1.) He was, and perhaps is, a lawyer and appears *pro se*.

The action is brought against Buffalo News, Inc., a Delaware corporation. (*Id.* at ¶ 7). The Complaint alleges that on September 13, 2015, Defendant published an article authored by Plaintiff in *The Buffalo News* and refused to compensate Plaintiff for publication of the article. (*Id.* at ¶¶ 8-10). On February 2, 2017, Defendant filed a motion to dismiss or, in the alternative, for summary judgment, and to transfer this matter to the United States District Court for the Western District of New York (Buffalo Division). (D.I. 5). Plaintiff opposes.

A civil action may be brought in: "(1) a judicial district in which any defendant resides, . . . ; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . ." 28 U.S.C. § 1391(b). The court may transfer a case "[f]or the

convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought . . ." 28 U.S.C. § 1404(a).

The affidavit of Joseph T. Giglia, vice-president of human resources and general counsel for Defendant, states that: (1) *The Buffalo News* is a newspaper with its principal place of business in Buffalo, New York; (2) Defendant is incorporated in the State of Delaware; (3) Defendant does not have operations in the State of Delaware; (4) Defendant's witnesses reside in or near Buffalo, New York; (5) Plaintiff's claim arose in connection with transactions and communications exchanged between Plaintiff in California and Defendant in Buffalo, New York; (6) the publication at issue took place in Buffalo, New York; (7) no possible witnesses reside in Delaware; (8) all relevant records will be located either in Buffalo, New York or California; and (9) Buffalo, New York has an interest in the controversy as *The Buffalo News* is the main newspaper in the locale. (D.I. 7 at pp.1-2).

Plaintiff states that he commenced the lawsuit in Delaware because: (1) Defendant is incorporated in Delaware; (2) Delaware is a neutral forum; (3) the records in question are primarily emails and are located on the parties' computers; (4) it is easier for Plaintiff to fly nonstop from Los Angeles, California to Washington, D.C., than for Plaintiff to fly from California to attend proceedings in Buffalo, New York;[1] and (5) Plaintiff's son lives in Washington, D.C., and it is more convenient for the case to be heard in Wilmington (a short distance from Washington, D.C.) than in Buffalo, New York.

---

[1] There is little difference in terms of time and money between getting from Los Angeles to Buffalo and from Los Angeles to Wilmington via Washington, D.C.

2

Here, none of the events or omissions giving rise to Plaintiff's claim occurred in Delaware. Plaintiff could have brought the suit in the Western District of New York. The only connection to Delaware is the fact that Defendant is incorporated in the State of Delaware. The Court has considered the positions of both parties as well as the allegations in the Complaint and finds that the interests of justice favor transferring the action to the United States District Court for the Western District of New York (Buffalo Division), where Defendant is located, where based upon the allegations, a substantial part of the events giving rise to the claim took place, and where most of the witnesses are located. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995) (listing factors for courts to consider in relation to transfer motions). Other than Plaintiff's choice of forum, there is no factor favoring keeping the case here. That choice is clearly outweighed by the factors favoring transfer to the Western District of New York.

For the above reasons, the Clerk of Court will grant Defendant's motion to transfer venue (D.I. 5) and will dismiss without prejudice to renew its motion to dismiss or, in the alternative, for summary judgment. The Court will also dismiss without prejudice to renew Plaintiff's motion for leave to amend (D.I. 16). The Clerk of Court will be directed to transfer this action to the United States District Court for the Western District of New York (Buffalo Division).

A separate order shall issue.

*Richard G. Andrews*
UNITED STATES DISTRICT JUDGE

Dated: August 3, 2017
Wilmington, Delaware

3